UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>TANGIBLE IP,<br><br>Defendant. | CASE NO. 2:26-mc-00047-JNW<br><br>ORDER |

This matter comes before the Court on Plaintiff Apple Inc.'s motion to compel Defendant Tangible IP ("Tangible") to sit for a Rule 30(b)(6) deposition. Dkt. No. 1.

This dispute arises from a patent infringement case that began in the United States District Court for the Eastern District of Texas and is now pending in the Southern District of California. *Id.* at 4; Dkt. No. 15 at 2. On June 12, 2026, Apple, the defendant in that case, issued a subpoena to Tangible, a nonparty, seeking to depose a corporate representative. Dkt. No. 1-2 at 90. Apple believes Tangible's principal, Louis Carbonneau, has information "highly relevant to the resolution of the factual disputes that remain regarding the patent purchase and licensing related activities," as well as other issues central to the litigation. Dkt. No. 1 at 10.

On July 24, 2026, Apple amended its subpoena after conferring with Tangible on an alleged facial defect. *See id.* at 4, 8; Dkt. No. 1-2 at 144. Tangible objected to the amended subpoena on numerous grounds and declined to make Carbonneau available for the proposed deposition. *See* Dkt. No. 1-2 at 188–211. Apple moved to compel on July 31, 2026—the day fact discovery closed in the underlying case.

Under Rule 45, a party may serve a subpoena commanding a nonparty to appear for a deposition and to produce materials. Fed. R. Civ. P. 45(a)(1)(A)(iii). When a nonparty refuses, the issuing party may move to compel compliance "in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a). Rule 45 also states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The subpoena here was issued by a court in the Eastern District of Texas, but that court no longer has the case. The advisory committee's note explains that Rule 45(f) provides authority for this Court to transfer the motion to the court "where the action is pending." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment; *see also In re Uber Techs. Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3559730, at *1 (N.D. Cal. July 27, 2024) ("The Advisory Committee Notes to Rule 45 make clear that the intention of the rule is to protect nonparties by enabling the local resolution of disputes about subpoenas, but also that 'transfer to the court where the action is pending is sometimes

warranted.'"). The action is now pending in the Southern District of California, so if transfer is warranted, the motion should go there.

The Rule does not define "exceptional circumstances," but the committee notes advise that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45. Even then, "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Neither party has asked for a transfer, and Tangible has not consented to one. But the Court finds that exceptional circumstances outweigh Tangible's interest in local resolution and justify transferring this motion to the Southern District of California. Discovery in that case closed on July 31, and the dispositive motions cutoff was October 21, 2026. The parties have jointly asked the California court to extend its deadlines, and that court is adjudicating other discovery disputes. *See generally Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 3:26-cv-05216-TWR-BJW (S.D. Cal.). Tangible, for its part, objects that Apple's motion comes too late. Dkt. No. 7 at 4. So whether this deposition should go forward *after* the discovery cutoff is a question about the California court's schedule, and it is "a matter best resolved by" that court. *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2 (E.D. Ky. Jan. 12, 2015).

The California court is also in a better position to assess Tangible's claims of irrelevance, undue burden, and cumulativeness, which turn on what discovery in the underlying case already shows. Deciding the motion here would risk disrupting the California court's management of the litigation and interfering with its discovery timeline. Sending the motion to California also fits the Court's duty to apply the rules to secure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Nor will a transfer meaningfully burden Tangible. The motion is fully briefed, and Tangible shares counsel with the plaintiffs in the California case. Dkt. No. 1 at 7; Dkt. No. 7 at 15.

Overall, the complexity, procedural posture, duration of pendency, and nature of the issues pending before the California court show that transfer is appropriate. *See STA Grp. LLC v. Motorola Sols. Inc.*, No. 3:23-MC-05018-DGE, 2024 WL 1091691, at *1 (W.D. Wash. Mar. 13, 2024). The Court expresses no view on the merits of Apple's motion or Tangible's objections.

Accordingly, the Court DIRECTS the Clerk of the Court to TRANSFER this motion to the Southern District of California for consideration in Case No. 3:26-cv-05216-TWR-BJW.

Dated this 19th day of November, 2026.

Jamal N. Whitehead
United States District Judge